**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ZACHARY STRAUSS,

                                        Plaintiff,

            v.

MICHAEL L. DWYER,                                   1:21-CV-00414
                                                    (LEK/CFH)

                                        Defendant.

**APPEARANCES:**

Zachary Strauss
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION & ORDER

### I.  In Forma Pauperis

Plaintiff pro se, Zachary Strauss ("plaintiff"), commenced this action on April 12, 2021, by filing a complaint and, in lieu of paying this Court's filing fee, submitted a motion for leave to proceed in forma pauperis ("IFP").  See Dkt. Nos. 1, 2.  The undersigned has reviewed plaintiff's IFP application and determined that plaintiff financially qualifies to proceed IFP.[1]

---

[1] Plaintiff is advised that although he has been granted IFP status, he is still required to pay any fees and costs he may incur in this action, including but not limited to copying fees, transcript fees, and witness fees.

## II.  Initial Review

### A.  Legal Standard

Section 1915 of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest."  Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted).  However, this does not mean the Court is required to accept unsupported allegations that are devoid of sufficient facts or claims.  Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007).  Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.

Pleading guidelines are set forth in the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that

the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair

notice of the claim being asserted so as to permit the adverse party the opportunity to

file a responsive answer, prepare an adequate defense and determine whether the

doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y.

1999) (internal quotation marks and citations omitted). Rule 8 also requires the

pleading to include:

> (1) a short and plain statement of the grounds for the court's
> jurisdiction . . .
>
> (2) a short and plain statement of the claim showing that the
> pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make

clear that each allegation contained in the pleading "must be simple, concise, and

direct." Id. at 8(d).

Further, Rule 10 of the Federal Rules provides in pertinent part that:

> [a] party must state its claims or defenses in numbered
> paragraphs, each limited as far as practicable to a single set
> of circumstances. A later pleading may refer by number to a
> paragraph in an earlier pleading. If doing so would promote
> clarity, each claim founded on a separate transaction or
> occurrence – and each defense other than a denial – must
> be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of

identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189

F.R.D. at 54 (internal quotation marks and citations omitted). A complaint that fails to

comply with the pleading requirements "presents far too a heavy burden in terms of

defendants' duty to shape a comprehensive defense and provides no meaningful basis

for the Court to assess the sufficiency of their claims."  Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint."  Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).  However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  Id. (citations omitted).  In such cases of dismissal, particularly when reviewing a pro se complaint, the court generally affords the plaintiff leave to amend the complaint.  See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).  A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citation omitted).

## B.  Complaint

Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983 against Oneida County Court Judge[2] Michael L. Dwyer ("Judge Dwyer").  See Dkt. No. 1 ("Compl.") at 1.  Liberally construed, the complaint alleges that Judge Dwyer erred in denying plaintiff's N.Y. Crim. Proc. Law § 440.10 motion to vacate a judgment of conviction for

---

[2]  Although plaintiff refers to Judge Dwyer as "Oneida County Supreme Court Judge," Compl. at 2, Judge Dwyer was, at all relevant times, an Oneida County Court Judge.  See Judicial Directory, New York State Unified Court System https://iapps.courts.state.ny.us/judicialdirectory/JudicialDirectory?0 (follow "Dwyer, Michael L." hyperlink) (last visited July 15, 2021).

rape in the first degree in violation of N.Y. Penal Law § 130.35(1).  See Compl. at 5.

Plaintiff states that, on June 1, 2020, he moved before Judge Dwyer in Oneida County

Court pursuant to N.Y. Crim. Proc. Law § 440.10 "in regard to a matter of law which was

not preserved for appellate review on direct appeal."  Id.  Plaintiff avers that "[t]he legal

issue was conceded by the District Attorney's office by failing to address the issue

raised in the body of the motion."  Id.  Plaintiff does not identify the "legal issue" that he

is referring to, and the Appellate Division's decision indicates that at least four issues

were not properly preserved for its review.  Id.; see People v. Strauss, 147 A.D.3d 1426,

1426, 1427, 46 N.Y.S.3d 376 (N.Y. App. Div. 2017).

Further, plaintiff alleges that N.Y. Crim. Proc. Law § 440.30 requires "that if the

issue raised has a legal basis and is either conceded to by the people or is

substantiated by unquestionable documentary proof the court MUST grant the motion

without a hearing."  Compl. at 5.  Plaintiff avers that, rather than grant his motion, Judge

Dwyer "held an evidentiary hearing regarding an ineffective assistance of counsel

claim."  Id.  Plaintiff alleges that Judge Dwyer's decision to hold an evidentiary hearing

"violated his statutory and constitutional rights" and "failed to address the matter of law

presented in the 440.10 motion[.]"  id.  In addition, plaintiff argues that Judge Dwyer

"perjured himself by improperly applying the appellate department's decision regarding

the matter of law as being decided on the merits when the appellate division held that

the issue was not preserved for review and declined to review the issue in the interest of

justice, making [Judge Dwyer's] contention false and not substantiated by the record."

Id.  Plaintiff's complaint does not disclose whether he attempted to appeal Judge

Dwyer's decision within the state court system.  See id.

Based on the foregoing, plaintiff claims that Judge Dwyer's denial of his N.Y. Crim. Proc. Law § 440.10 motion violated his "statutory" rights, as well as "under . . . the NYS constitution, article 1, section 6 & 11, [and] the U.S. constitution 5th and 14th amendments, which guarantee due process and equal protection of the law."  Compl. at 7.  As relief, plaintiff seeks reversal of Judge Dwyer's decision on his 440.10 motion, "injunctive relief and a stay of [his] sentence," and asserts that he will suffer "irreparable damage . . . as a result of having to continue on post release supervision after maximum expiration of sentence of incarceration as well as being forced to register as a sex offender, as plaintiff maintains his innocence."  Id. at 8.  Plaintiff also seeks millions of dollars in punitive and compensatory damages.  See id.

## C.  Analysis[3]

### 1.  Rooker–Feldman[4] Doctrine

The Rooker-Feldman doctrine recognizes that, except for the Supreme Court, federal courts are not authorized to exercise appellate jurisdiction over state-court judgments.  See McKithen v. Brown, 481 F.3d 89, 96 (2d Cir. 2007).  Under the Rooker-Feldman doctrine, a district court lacks jurisdiction to consider a plaintiff's claim when "[1] the plaintiff lost in state court[;] [2] the plaintiff . . . complain[s] of injuries caused by a state-court judgment, [3] the plaintiff . . . invite[s] district court review and rejection of that judgment[;] [and 4] the state-court judgment [was] rendered before the district court

---

[3]  All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

[4]  D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

proceeding commenced." McKithen, 626 F.3d at 154 (citation and additional alterations omitted).  "The *Rooker-Feldman* doctrine merely recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, a role which Congress has reserved to [the Supreme Court]." Verizon Md. Inc. v. Public Svc. Comm'n of Md., 535 U.S. 635, 644 n. 3 (2002).  In other words, district courts do not have jurisdiction to hear cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  "A plaintiff may not overcome the doctrine and seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action." Rabinowitz v. N.Y., 329 F. Supp. 2d 373, 376 (E.D.N.Y. 2004) (internal quotation marks and citation omitted).  Because the preclusion embodied by the Rooker-Feldman doctrine relates to "lack of subject matter jurisdiction," it "may be raised at any time by either party or *sua sponte* by the court." Moccio v. N.Y.S. Office of Court Admin., 95 F.3d 195, 198 (2d Cir. 1996) (citations omitted), abrogated on other grounds by Exxon Mobil Corp., 544 U.S. at 283.

Here, because, as stated above, the gravamen of plaintiff's complaint challenges the Oneida County Court's decision on plaintiff's N.Y. Crim. Proc. § 440.10 motion, his claims are precluded by the limitation on this Court's subject matter jurisdiction pursuant to the Rooker-Feldman doctrine.  In particular, plaintiff's complains that his 440.10 motion to vacate the judgment of conviction was denied by Judge Dwyer in Oneida County Court; the denial of this motion caused "irreparable damage" because plaintiff

will "continue on post release supervision after maximum expiration of sentence of incarceration as well as being forced to register as a sex offender";  plaintiff invites this Court to reverse the Oneida County Court's decision on that motion; and the Oneida County Court's decision was entered prior to plaintiff commencing his federal action. See McKithen, 626 F.3d at 154; Compl. at 5, 8.  Therefore, as this Court lacks subject-matter jurisdiction over the present action pursuant to the Rooker-Feldman requirements, it is recommended that the complaint be dismissed.[5]

### D.  Prejudice and Leave to Amend

Ordinarily, a court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Branum v Clark, 927 F.2d 698, 705 (2d Cir. 1991).  However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).  "[L]ack of subject matter jurisdiction is a substantive defect that cannot be cured by better pleading."  Moran v. Proskauer Rose LLP, No. 1:17-CV-00423 (MAD/TWD), 2017 WL 3172999, at *3 (N.D.N.Y. July 26, 2017).  Further, "[w]hen a court lacks subject matter jurisdiction, it lacks the power to dismiss with prejudice."  Fraccola v. Grow, 670 F. App'x 34, 35 (2d Cir. 2016) (summary order).  Thus, because the Court lacks subject matter jurisdiction

---

[5] To the extent that plaintiff attempts to assert claims stemming from purported judicial error or impropriety against Judge Dwyer, his claims are barred by judicial immunity.  See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) ("[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." (internal quotation marks and citations omitted)); see also N.Y. Crim. Proc. Law § 10.10(2)(b) (Oneida County Court is a "Superior court").

over plaintiff's claims based on the <u>Rooker-Feldman</u> doctrine, it is recommended that the complaint be dismissed without prejudice and without leave to amend.  <u>See</u> <u>Guillory v. Bishop Nursing Home</u>, No. 5:21-CV-410 (MAD/ATB), 2021 WL 2431259, at *3 (N.D.N.Y. June 15, 2021 (dismissing the complaint "without prejudice" and "without leave to amend" because the Court "lack[ed] . . . subject matter jurisdiction.").

### III.  Conclusion

Wherefore, for the reasons set forth above, it is hereby:

**ORDERED**, that plaintiff's motion for leave to proceed in forma pauperis (Dkt. No. 2) is **GRANTED** for the purposes of filing only; and it is further

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **DISMISSED**, in its entirety, **without prejudice**; and it is further

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. <u>Roldan v. Racette</u>, 984 F.2d 85, 89 (2d Cir. 1993) (citing <u>Small v. Secretary of Health and Human Servs.</u>, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(e), 72.

Dated: August 17, 2021
      Albany, New York

Christian F. Hummel
U.S. Magistrate Judge